UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDS SDNY
DOCUMENT
ELECTRONICALLY FILE
DOC #: _____
DATE FILED: 7-26-11

SECURITIES AND EXCHANGE
COMMISSION,

                                Plaintiff,

                v.

FRANZ N. TUDOR,

                                Defendant.

10 Civ. 8598 (RJS)

ECF CASE

## FINAL JUDGMENT AS TO DEFENDANT FRANZ N. TUDOR

The Securities and Exchange Commission having filed a Complaint and Defendant Franz

N. Tudor having entered a general appearance; consented to the Court's jurisdiction over

Defendant and the subject matter of this action; consented to entry of this Final Judgment

without admitting or denying the allegations of the Complaint (except as to jurisdiction); waived

findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant and

Defendant's agents, servants, employees, attorneys, and all persons in active concert or

participation with them who receive actual notice of this Final Judgment by personal service or

otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section

10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and

Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or

instrumentality of interstate commerce, or of the mails, or of any facility of any national
securities exchange, in connection with the purchase or sale of any security:

      (a)     to employ any device, scheme, or artifice to defraud;

      (b)     to make any untrue statement of a material fact or to omit to state a material fact
necessary in order to make the statements made, in the light of the circumstances
under which they were made, not misleading; or

      (c)     to engage in any act, practice, or course of business which operates or would
operate as a fraud or deceit upon any person.

II.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is liable
for disgorgement of $70,807, representing profits gained as a result of the conduct alleged in the
Complaint, together with prejudgment interest thereon in the amount of $7,331, for a total of
$78,138. Defendant's payment of disgorgement and prejudgment interest shall be deemed
satisfied, on a dollar for dollar basis, by the amount of criminal forfeiture ordered by the Court in
the pending criminal case before the United States District Court for the Southern District of
New York titled, United States v. Franz Tudor, 09-CR-1057. Based on Defendant's sworn
representations in his Statement of Financial Condition dated June 13, 2011, and other
documents and information submitted to the Commission, however, the Court is not ordering
Defendant to pay a civil penalty and if the Defendant is ordered to pay less than $78,138 in
criminal forfeiture, any remaining disgorgement obligation ($78,138 less the amount of criminal
forfeiture ordered) is waived. The determination not to impose a civil penalty and to waive
disgorgement and pre-judgment interest in excess of the forfeiture amount is contingent upon the

2

accuracy and completeness of Defendant's Statement of Financial Condition. If at any time

following the entry of this Final Judgment the Commission obtains information indicating that

Defendant's representations to the Commission concerning his assets, income, liabilities, or net

worth were fraudulent, misleading, inaccurate, or incomplete in any material respect as of the

time such representations were made, the Commission may, at its sole discretion and without

prior notice to Defendant, petition the Court for an order requiring Defendant to pay the unpaid

portion of the disgorgement, pre-judgment and post-judgment interest thereon, and the maximum

civil penalty allowable under the law. In connection with any such petition, the only issue shall

be whether the financial information provided by Defendant was fraudulent, misleading,

inaccurate, or incomplete in any material respect as of the time such representations were made.

In its petition, the Commission may move this Court to consider all available remedies,

including, but not limited to, ordering Defendant to pay funds or assets, directing the forfeiture of

any assets, or sanctions for contempt of this Final Judgment. The Commission may also request

additional discovery. Defendant may not, by way of defense to such petition: (1) challenge the

validity of the Consent or this Final Judgment; (2) contest the allegations in the Complaint filed

by the Commission; (3) assert that payment of disgorgement, pre-judgment and post-judgment

interest or a civil penalty should not be ordered; (4) contest the amount of disgorgement and pre-

judgment and post-judgment interest; (5) contest the imposition of the maximum civil penalty

allowable under the law; or (6) assert any defense to liability or remedy, including, but not

limited to, any statute of limitations defense.

III.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Defendant shall comply with all of the undertakings and agreements set forth therein.

IV.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

Dated: July 26, 2011

_____
UNITED STATES DISTRICT JUDGE

4

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SECURITIES AND EXCHANGE
COMMISSION,

Plaintiff,

v.

FRANZ N. TUDOR,

Defendant.

10 Civ. 8598 (RJS)

ECF CASE

### CONSENT OF DEFENDANT FRANZ N. TUDOR

1.      Defendant Franz N. Tudor ("Defendant") waives service of a summons and the complaint in this action, enters a general appearance, and admits the Court's jurisdiction over Defendant and over the subject matter of this action.

2.      Without admitting or denying the allegations of the complaint (except as to personal and subject matter jurisdiction, which Defendant admits), Defendant hereby consents to the entry of the final Judgment in the form attached hereto (the "Final Judgment") and incorporated by reference herein, which, among other things:

(a)     permanently restrains and enjoins Defendant from violations of Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. § 78j(b)], and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5];

(b)     orders Defendant to pay disgorgement in the amount of $70,807, plus prejudgment interest thereon in the amount of $7,331, but provides that

1

Defendant's payment of disgorgement and prejudgment interest shall be
deemed satisfied, on a dollar for dollar basis, by the amount of criminal
forfeiture ordered by the Court in the pending criminal case before the
United States District Court for the Southern District of New York titled,
United States v. Franz Tudor, 09-CR-1057. If the Defendant is ordered to
pay less than $78,138 in criminal forfeiture, any remaining disgorgement
obligation ($78,138 less the amount of criminal forfeiture ordered) shall
be waived based on Defendant's sworn representations in Defendant's
Statement of Financial Condition dated June 13, 2011.

3.      Defendant acknowledges that the Court is not imposing a civil penalty or
requiring payment of any disgorgement in excess of any criminal forfeiture ordered based on
Defendant's sworn representations in Defendant's Statement of Financial Condition dated June
13, 2011, and other documents and information submitted to the Commission. Defendant further
consents that if at any time following the entry of the Final Judgment the Commission obtains
information indicating that Defendant's representations to the Commission concerning
Defendant's assets, income, liabilities, or net worth were fraudulent, misleading, inaccurate, or
incomplete in any material respect as of the time such representations were made, the
Commission may, at its sole discretion and without prior notice to Defendant, petition the Court
for an order requiring Defendant to pay the unpaid portion of the disgorgement, pre-judgment
and post-judgment interest thereon, and the maximum civil penalty allowable under the law. In
connection with any such petition, the only issue shall be whether the financial information
provided by Defendant was fraudulent, misleading, inaccurate, or incomplete in any material
respect as of the time such representations were made. In any such petition, the Commission

2

may move the Court to consider all available remedies, including but not limited to ordering Defendant to pay funds or assets, directing the forfeiture of any assets, or sanctions for contempt of the Court's Final Judgment. The Commission may also request additional discovery. Defendant may not, by way of defense to such petition: (1) challenge the validity of this Consent or the Final Judgment; (2) contest the allegations in the complaint; (3) assert that payment of disgorgement, pre-judgment or post-judgment interest, or a civil penalty should not be ordered; (4) contest the amount of disgorgement or pre-judgment or post-judgment interest; (5) contest the imposition of the maximum civil penalty allowable under the law; or (6) assert any defense to liability or remedy, including but not limited to any statute of limitations defense.

4.      Defendant waives the entry of findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure.

5.      Defendant waives the right, if any, to a jury trial and to appeal from the entry of the Final Judgment.

6.      Defendant enters into this Consent voluntarily and represents that no threats, offers, promises, or inducements of any kind have been made by the Commission or any member, officer, employee, agent, or representative of the Commission to induce Defendant to enter into this Consent.

7.      Defendant agrees that this Consent shall be incorporated into the Final Judgment with the same force and effect as if fully set forth therein.

8.      Defendant will not oppose the enforcement of the Final Judgment on the ground, if any exists, that it fails to comply with Rule 65(d) of the Federal Rules of Civil Procedure, and hereby waives any objection based thereon.

3

9.       Defendant waives service of the Final Judgment and agrees that entry of the Final Judgment by the Court and filing with the Clerk of the Court will constitute notice to Defendant of its terms and conditions. Defendant further agrees to provide counsel for the Commission, within thirty days after the Final Judgment is filed with the Clerk of the Court, with an affidavit or declaration stating that Defendant has received and read a copy of the Final Judgment.

10.       Consistent with 17 C.F.R. § 202.5(f), this Consent resolves only the claims asserted against Defendant in this civil proceeding. Defendant acknowledges that no promise or representation has been made by the Commission or any member, officer, employee, agent, or representative of the Commission with regard to any criminal liability that may have arisen or may arise from the facts underlying this action or immunity from any such criminal liability. Defendant waives any claim of Double Jeopardy based upon the settlement of this proceeding, including the imposition of any remedy or civil penalty herein. Defendant further acknowledges that the Court's entry of a permanent injunction may have collateral consequences under federal or state law and the rules and regulations of self-regulatory organizations, licensing boards, and other regulatory organizations. Such collateral consequences include, but are not limited to, a statutory disqualification with respect to membership or participation in, or association with a member of, a self-regulatory organization. This statutory disqualification has consequences that are separate from any sanction imposed in an administrative proceeding. In addition, in any disciplinary proceeding before the Commission based on the entry of the injunction in this action, Defendant understands that he shall not be permitted to contest the factual allegations of the complaint in this action.

11.       Defendant understands and agrees to comply with the Commission's policy "not to permit a defendant or respondent to consent to a judgment or order that imposes a sanction

4

while denying the allegations in the complaint or order for proceedings." 17 C.F.R. § 202.5. In compliance with this policy, Defendant agrees: (i) not to take any action or to make or permit to be made any public statement denying, directly or indirectly, any allegation in the complaint or creating the impression that the complaint is without factual basis; and (ii) that upon the filing of this Consent, Defendant hereby withdraws any papers filed in this action to the extent that they deny any allegation in the complaint. If Defendant breaches this agreement, the Commission may petition the Court to vacate the Final Judgment and restore this action to its active docket. Nothing in this paragraph affects Defendant's: (i) testimonial obligations; or (ii) right to take legal or factual positions in litigation or other legal proceedings in which the Commission is not a party.

12.     Defendant hereby waives any rights under the Equal Access to Justice Act, the Small Business Regulatory Enforcement Fairness Act of 1996, or any other provision of law to seek from the United States, or any agency, or any official of the United States acting in his or her official capacity, directly or indirectly, reimbursement of attorney's fees or other fees, expenses, or costs expended by Defendant to defend against this action. For these purposes, Defendant agrees that Defendant is not the prevailing party in this action since the parties have reached a good faith settlement.

13.     In connection with this action and any related judicial or administrative proceeding or investigation commenced by the Commission or to which the Commission is a party, Defendant (i) agrees to appear and be interviewed by Commission staff at such times and places as the staff requests upon reasonable notice; (ii) will accept service by mail or facsimile transmission of notices or subpoenas issued by the Commission for documents or testimony at depositions, hearings, or trials, or in connection with any related investigation by Commission

5

staff; (iii) appoints Defendant's undersigned attorney as agent to receive service of such notices and subpoenas; (iv) with respect to such notices and subpoenas, waives the territorial limits on service contained in Rule 45 of the Federal Rules of Civil Procedure and any applicable local rules, provided that the party requesting the testimony reimburses Defendant's travel, lodging, and subsistence expenses at the then-prevailing U.S. Government per diem rates; and (v) consents to personal jurisdiction over Defendant in any United States District Court for purposes of enforcing any such subpoena.

14.     Defendant agrees that the Commission may present the Final Judgment to the Court for signature and entry without further notice.

6

15.    Defendant agrees that this Court shall retain jurisdiction over this matter for the purpose of enforcing the terms of the Final Judgment.

Dated: 7/7/11 _____                    _____
                                             Franz N. Tudor


        On JULY 07___, 2011, _____, a person known to me, personally appeared before me and acknowledged executing the foregoing Consent.

                                             _____
                                             Notary Public
                                             Commission expires: March 03, 2015


Approved as to form:

_____
Edgardo Ramos, Esq.
Day Pitney LLP
7 Times Square
New York, New York 10036
(212) 297-2452
Attorney for Franz N. Tudor

7